IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 6:20-CR-155(1)-ADA |
| § | |
| DOMINIC JOHNSON § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I.  PROCEDURAL BACKGROUND

On January 4, 2023, DOMINIC JOHNSON was sentenced to seventy (70) months imprisonment, followed by five (5) years of supervised release for the crime of Possess With Intent to Distribute at Least 500 Grams of Cocaine – a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21 U.S.C. §§§ 846, 841(a)(1), and 841(b)(1)(B)(ii)(II), per the Honorable Alan D. Albright. Special conditions were also ordered. The defendant began his term of supervised release on February 12, 2025, in the Waco Division.

On April 24, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his

supervision in the following ways:

> **Violation Number 1:** The defendant violated his special condition, in that on or about April 24, 2025, the defendant possessed a controlled substance.
>
> **Violation Number 2:** The defendant violated his mandatory condition number 1, in that on or about April 24, 2025, the defendant knowingly or intentionally possessed a usable quantity of marihuana that was less than five pounds but more than four ounces, in violation of T.H.S.C. § 481.121, a Third-Degree felony.
>
> **Violation Number 3:** The defendant violated his mandatory condition number 1, in that on or about February 4, 2025, the defendant operated a motor vehicle while failing to maintain standard proof of motor vehicle liability insurance, in violation of T.T.C. § 601, a class "C" misdemeanor.
>
> **Violation Number 4:** The defendant violated his mandatory condition number 1, in that on or about February 4, 2025, the defendant failed to stop at a clearly marked stop line while operating a vehicle, in violation of T.T.C. § 544, a class "C" misdemeanor.

On December 2, 2025, the Court held a hearing on the petition. At the hearing, the Government orally amended Violation Number 2, changing it from the Third-Degree felony alleged to a misdemeanor under 21 U.S.C. § 844(a). The court advised Mr. Johnson of the difference between the two and of his rights regarding the amended violation, and Mr. Johnson pled guilty to the misdemeanor during a plea hearing immediately before the revocation hearing. (*see* 6:25-CR-133). At the hearing, the defendant pled **TRUE** to all violations. The petition contained a sufficient factual basis to support a plea of **TRUE**.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea of **TRUE**.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of **TRUE**.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support the defendant's pleas of **TRUE**.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Mr. Johnson's current supervision be **REVOKED**, and that Mr. Johnson be sentenced to:

1. a period of incarceration of nine (9) months, with credit for any time already served since his arrest, to run consecutively to the sentence imposed in 6:25-CR-133, Mr. Johnson's misdemeanor case; and

2. a three (3)-year period of supervised release to follow incarceration with the same conditions as Mr. Johnson's original period of supervised release, to run concurrently with the period of supervised release imposed in 6:25-CR-133.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of December, 2025.

                                                DAN MACLEMORE
                                                UNITED STATES MAGISTRATE JUDGE